CUAUHTEMOC ORTEGA (Bar No. 257443)
Federal Public Defender
ANDREA JACOBS (Bar No. 236892)
(E-Mail: andrea_jacobs@fd.org)
Deputy Federal Public Defender
411 West Fourth Street, Suite 7110
Santa Ana, California 92701-4598
Telephone: (714) 338-4500
Facsimile: (714) 338-4520

Attorneys for Defendant
KYLE CASEY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. SA CR 21-09-JLS |
| Plaintiff, | |
| v. | **DEFENDANT'S POSITION RE SENTENCING; EXHIBITS A-C** |
| KYLE CASEY, | **Hearing Date: March 11, 2022** |
| Defendant. | **Hearing Time: 8:30 a.m.** |

Defendant Kyle Casey, by and through his attorney of record, Deputy Federal Public Defender Andrea Jacobs, hereby submits his position regarding sentencing.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: February 25, 2022      By _____

ANDREA JACOBS
Deputy Federal Public Defender

## SENTENCING MEMORANDUM

### I.

### INTRODUCTION

Kyle Casey will appear before this Court on March 11, 2022 after pleading guilty to the one count indictment charging felon in possession of a firearm in violation of 18 U.S.C. § 922(g).  For the reasons discussed herein, Mr. Casey requests this Court sentence him to a below guidelines term of imprisonment, which requires a downward variance from the calculated Sentencing Guidelines range.  The government has agreed to recommend a one-level downward variance for Mr. Casey.  *See* Dkt. 26, Plea Agreement ¶ 3(d).  The PSR recommends a seventeen month downward variance.  *See* Dkt. 31, Disclosed Recommendation Ltr.  A sentence below the PSR's 60 month recommendation is appropriate for the reasons discussed herein.  Mr. Casey seeks the Court's recommendation for the 500-hour Residential Drug Abuse Program (RDAP) and a Southern California BOP designation.  Finally, Mr. Casey asks this Court to state in the Judgment and Commitment Order that his sentence shall run concurrent to any sentence imposed in Riverside Superior Court case numbers SWF2007064 and SWF2100814.  *See Setser v. United States*, 566 U.S. 231 (2012) (district court has discretion in selecting whether sentence it imposes will run concurrent or consecutive to an anticipated state sentence).

### II.

### THE PRESENTENCE REPORT

The presentence report (PSR) calculates a total offense level 21 and a criminal history category VI.  This results in a sentencing guidelines range of 77 to 96 months' imprisonment.  The PSR recommends a downward variance and a sentence of 60 months' custody.  Mr. Casey has no objections to the PSR.

# III.

## THE UNITED STATES SENTENCING GUIDELINES

The offense level calculation pursuant to § 2K2.1 contained in the parties' plea agreement applies as follows:

| | | |
|---|---|---|
| Base Offense Level: | 24 | § 2K2.1 (a)(2) |
| Acceptance of Responsibility: | -3 | § 3E1.1 |

-----------------------------------------------------------------------------------------

**Total Offense Level:**          **21**

A total offense level 21 and a criminal history category VI renders an advisory guideline range of 77 to 96 months.

# IV.

## A REASONABLE SENTENCE IS BELOW THE SENTENCING GUIDELINES RANGE

Pursuant to *United States v. Booker*, 543 U.S. 220 (2005), courts must impose a reasonable sentence in light of the statutory factors enumerated in 18 U.S.C. §3553(a), as well as the advisory sentencing guidelines.  The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed - (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. 18 U.S.C. § 3553(a).

The advisory United States Sentencing Guidelines results in a disproportionate sentence here.  The base offense level calculation in § 2K2.1 is overstated and not representative of the offense conduct.  Application of the § 3553(a) factors calls for a sentence lower than the guideline range of 77 to 96 months' imprisonment.  A below

guidelines sentence would not create an unwarranted sentencing disparity among similarly charged defendants. In the year 2020, for example, the average sentence for a firearm offense after consideration of a downward variance was 35 months. *See* Exh. A. And data for October 2020 through September 2021 was similar: the average firearm sentence was 37 months' imprisonment. *Id.* Notably for Mr. Casey, this federal sentence is the first time that he will go to prison. Despite being in criminal history category VI, for all prior convictions Mr. Casey served his time locally in county jail.

## A.     A COVID-19 Downward Variance is Warranted

Mr. Casey was arrested (January 7, 2021), incarcerated and timely pleaded guilty (June 4, 2021 by video conference) during the COVID-19 pandemic. The USAO implemented a COVID-19 downward variance policy during this time period for select defendants who timely accepted responsibility during the pandemic. The USAO did not extend its discretion to recommend a downward variance to Mr. Casey. The Court, however, can and should.

Imprisonment during COVID-19 took a mental and emotional toll on Mr. Casey. Most difficult for Mr. Casey were the periods when family and public visits were suspended to reduce the spreading of the virus. Specifically for Mr. Casey, he was not able to see his young son. There have also been lengthy and frequent periods of complete lock-down in his small cell to reduce the spread of the virus. And Mr. Casey had to choose between in person court appearances, where upon return to the jail he would be placed in quarantine for a set time period, or video appearances that are less humanizing and without easy access to his attorney for questions. The USAO distinguished between defendants who received a recommended "COVID variance," and Mr. Casey did not qualify. Mr. Casey requests that the Court exercise its discretion and include a downward variance in his sentence.

**B.     Nature and Circumstances of the Offense**

The nature of Mr. Casey's crime itself warrants a downward variance, which is why government counsel stipulated to a <u>one-level</u> *Booker* variance.  It is unique to see a felon in possession of a firearm case where the firearm is not loaded and no ammunition was possessed.  Here, Mr. Casey possessed one <u>unloaded</u> firearm while homeless and living in his car.  In addition, he did not possess any ammunition.  Mr. Casey wanted to give others the impression that he was armed so he would not be targeted or victimized while homeless.  Whether a firearm is loaded is not something the Sentencing Guidelines take into consideration.

The Sentencing Guidelines double count a defendant's criminal history in felon of possession of firearm cases, resulting in an overstated guidelines calculation.  A defendant's criminal history is always factored into calculation of a defendant's criminal history category.  *See* § 4A1.1.  However, § 2K2.1 increases a defendant's base offense level on the basis of his criminal history as well.  Mr. Casey's offense level calculation jumps twelve levels, from a base offense level of 12 to 24, because he has two prior convictions that are categorized as either a drug offense or crime of violence.  *Compare* § 2K2.1(a)(7) with § 2K2.1(a)(2).  Because § 2K2.1 results in an overstated guideline range, a downward variance in offense level is appropriate.

**C.     History and Characteristics of Kyle Casey**

The PSR found that Mr. Casey's background, specifically his mental and emotional health, substance abuse history, and disadvantaged upbringing, warrant a downward variance recommendation of 17 months, or approximately <u>three offense levels</u>.  *See* Dkt. 31, Disclosed Recommendation Letter.  Kyle Casey was born on July 17, 1989.  He is the middle child of the three children born to his parents.  Mr. Casey's father is a truck driver and his mother is unemployed.  They live in Lake Elsinore, CA.  Mr. Casey's older brother is currently serving a state prison sentence and his younger sister struggles with drug addiction and homelessness.

Mr. Casey describes his family as "a group of people that share a last name." He never felt like he belonged with or was loved by his family growing up. Mr. Casey had to rely on himself from a very young age for survival. Mr. Casey's mother was a young party girl when she married Mr. Casey's father, who is ten years her senior and had children from a prior relationship. Mr. Casey's father was rarely home when Mr. Casey was growing up because of his job as truck driver. Mr. Casey's mother was an alcoholic when he was young and was often intoxicated while taking care of him and his siblings. She contributed to Mr. Casey's early alcohol use at age 10. *See* PSR ¶ 91. It was also around this time that Mr. Casey reports began experiencing depression and anxiety. PSR ¶ 86. His mother did not know how to discipline the children and would hit and kick Mr. Casey in the stomach.

Mr. Casey's mother was especially hard on him because when he was eight years old, Mr. Casey caught his mother having an affair with his father's son from a prior relationship. Mr. Casey started acting strange because he did not know how to process what he witnessed and eventually told his father. This caused a rift in the house. Mr. Casey's father was upset and distanced himself more from the family. And Mr. Casey's mother took this out on Mr. Casey. His relationship with his parents was never the same.

Mr. Casey attended school in Riverside County and went to Rubidoux High School. His parents never helped with school. They bought him clothes to wear and that was about it. Despite this, Mr. Casey did well in elementary school and junior high school, scoring high on standardized tests. In the fourth grade, Mr. Casey was diagnosed with ADHD and prescribed medication. PSR ¶ 87. A neighbor friend got Mr. Casey interested in karate and Mr. Casey did this extracurricular activity on his own, without any involvement from his parents. Upon entering high school, Mr. Casey stopped trying. Both Mr. Casey and his older brother were later expelled from school; Mr. Casey for ditching class and smoking marijuana. Mr. Casey's sister dropped out of school also. At age 18, Mr. Casey obtained his GED and later enrolled in ITT Tech.

The feeling of not belonging in his own family was numbed by heavy drug use. At age 10, Mr. Casey was already smoking marijuana. He tried methamphetamine for the first time at age 14 and then moved on to pain pills and heroin. Mr. Casey admits that heroin was his poison. He used it in the form of pills and by injecting it. He has never received formal or long term drug treatment. While serving a prison sentence in 2012, Mr. Casey stopped using heroin for good. After Mr. Casey stopped the heroin, he found in himself in a long term relationship and in school at ITT Tech. *See* PSR ¶ 79. He obtained employment as an electrician. When his relationship ended, Mr. Casey went into a depression and started using methamphetamine. He admits that he "chose drugs to escape the current situation, trying to find happiness while living in misery." *See* Exh. B, Sentencing Letters. This was how his life continued for the next several years; periods of employment with relative stability, a relationship, and then a break-up, relapse, and suicide attempt. PSR ¶¶ 80, 88. On the date of his arrest, Mr. Casey was in one of his downswings, smoking methamphetamine, jobless, and living out of his car.

In addition to drug treatment, Mr. Casey needs mental health counseling. Drug use was a way of self-medicating, therefore, he needs to learn proper ways of handling his depression and anxiety. He has suffered this depression and anxiety for a long time, since age 10 and about two years after he discovered his mother's marital affair and was shunned by his family. At age 15, he attempted to hang himself. PSR ¶ 87. In 2019 he attempted suicide on Thanksgiving Day by jumping off a 100 foot pier in Redondo Beach. He again attempted suicide with a gun and an old bullet that failed to fire on his birthday in 2020. He tattooed the word "suicidal" on his fingers. Currently Mr. Casey is prescribed Zoloft for his depression, Vistaril for his anxiety, and Bendryl to help him sleep. PSR ¶ 84. Therapy will help Mr. Casey leave the ghosts from his past behind him.

Mr. Casey met his significant other, Angie Flores, in 2017. She lives with her parents in Los Angeles and works as an assisted living caregiver. *See* Exh. B, Angie

Flores Ltr.  Together the two of them share a son who is two and a half years old.  *See* Exh. B Photos.  Ms. Flores describes Mr. Casey as an "attentive, patient, encouraging, affectionate" father.  *See* Exh. B.  She is the one person that Mr. Casey is close to and trusts.  Although their relationship was off at the time Mr. Casey committed this offense, due to his sobriety in jail and his love and attention toward her and their son, Ms. Flores is involved in Mr. Casey's life again.  It is Mr. Casey's goal to put his past behind him, find a decent paying job as an electrician, and focus on his son and their future.  Although currently in custody, Mr. Casey feels better than he has in a long time:

> I'm happier right now than I have been most of my life (not including the birth of my son) even though I am where I am and still have prison to get through; but the prospect of what my life is going to be like regardless of how long I'll be here outshines what it has been so far.  I feel great right now, I'm happy every single day; the only thing that gets me down is hearing of the milestones my son is reaching…my son is all I think about.

*See* Exh. B.  He is also sober and receiving medication for his depression.  At age 32, Mr. Casey is finally ready to start his life with a clean slate.  He has the necessary support system and job training to move forward in a positive direction with his life.

**D.      Request for Concurrent Time with Anticipated Sentences in Superior Court.**

Prior to Mr. Casey's arrest in this case, he was sentenced in Riverside Superior Court case number SWF2007064 to 364 days jail with a four year suspended sentence. *See* PSR § 48; Exhibit C.  By pleading guilty in this federal case to being a felon in possession of a firearm, he violated his terms of state probation and the four year suspended sentence is triggered.  *See* Exh. C.  Mr. Casey asks this Court to order that

8

his federal sentence run concurrent to any sentence imposed in Riverside Superior Court case number SWF2007064.  *See Setser v. United States*, 566 U.S. 231 (2012) (district court has discretion in selecting whether sentence it imposes will run concurrent or consecutive to an anticipated state sentence).

Mr. Casey also has a pending arrest warrant for another case in Riverside Superior Court, case number SWF2100814.  *See* PSR ¶ 59.  Because it is likely that the two Riverside cases will be handled contemporaneously, Mr. Casey also requests that this Court order his federal sentence run concurrent to any sentence imposed in Riverside Superior Court case number SWF2100814 as well.

## V.

## CONCLUSION

For the foregoing reasons, Mr. Casey asks this Court to sentence him to a term of imprisonment below the discretionary sentencing guidelines range.  Mr. Casey also requests this Court to recommend a Southern California designation and the RDAP program.

# EXHIBIT "A"

**Table 40**

**EXTENT OF DOWNWARD VARIANCES**
**BY TYPE OF CRIME[1]**
**Fiscal Year 2020**

| TYPE OF CRIME | N | Sentence In Months | Mean Decrease In Months | Percent Decrease | Sentence In Months | Median Decrease In Months | Percent Decrease |
|---|---|---|---|---|---|---|---|
| TOTAL | 15,404 | 47 | 25 | 44.8 | 24 | 14 | 36.1 |
| Administration of Justice | 181 | 8 | 13 | 66.5 | 4 | 9 | 71.4 |
| Antitrust | 5 | 14 | 25 | 72.5 | 8 | 21 | 77.7 |
| Arson | 16 | 65 | 29 | 39.6 | 33 | 23 | 32.1 |
| Assault | 175 | 42 | 19 | 45.4 | 24 | 12 | 35.1 |
| Bribery/Corruption | 107 | 16 | 22 | 64.3 | 9 | 12 | 66.7 |
| Burglary/Trespass | 14 | 7 | 11 | 73.7 | 0 | 9 | 99.7 |
| Child Pornography | 591 | 79 | 49 | 38.9 | 72 | 41 | 38.1 |
| Commercialized Vice | 19 | 9 | 9 | 63.8 | 6 | 6 | 50.0 |
| Drug Possession | 20 | 0 | 3 | 95.2 | 0 | 2 | 100.0 |
| Drug Trafficking | 5,528 | 73 | 36 | 38.1 | 60 | 24 | 31.0 |
| Environmental | 48 | 3 | 12 | 81.3 | 1 | 10 | 88.2 |
| Extortion/Racketeering | 43 | 19 | 20 | 58.3 | 12 | 12 | 63.0 |
| Firearms | 2,533 | 35 | 18 | 42.6 | 24 | 12 | 33.3 |
| Food and Drug | 11 | 26 | 29 | 60.8 | 33 | 30 | 52.9 |
| Forgery/Counter/Copyright | 69 | 8 | 14 | 68.0 | 4 | 11 | 82.8 |
| Fraud/Theft/Embezzlement | 1,660 | 18 | 15 | 58.5 | 12 | 10 | 51.6 |
| Immigration | 2,627 | 10 | 8 | 48.7 | 7 | 6 | 40.0 |
| Individual Rights | 26 | 35 | 28 | 56.2 | 21 | 12 | 51.2 |
| Kidnapping | 16 | 108 | 113 | 46.4 | 85 | 69 | 45.5 |
| Manslaughter | 6 | 15 | 25 | 72.9 | 9 | 26 | 82.4 |
| Money Laundering | 320 | 50 | 38 | 51.2 | 24 | 21 | 44.6 |
| Murder | 45 | 166 | 80 | 32.1 | 176 | 67 | 28.6 |
| National Defense | 69 | 35 | 31 | 52.8 | 24 | 22 | 50.0 |
| Obscenity/Other Sex Offenses | 117 | 11 | 10 | 51.9 | 10 | 9 | 46.7 |
| Prison Offenses | 151 | 8 | 8 | 52.9 | 6 | 6 | 50.0 |
| Robbery | 454 | 82 | 29 | 30.6 | 65 | 21 | 22.7 |
| Sexual Abuse | 264 | 153 | 68 | 32.6 | 151 | 57 | 28.6 |
| Stalking/Harassing | 62 | 18 | 11 | 50.7 | 12 | 8 | 39.2 |
| Tax | 198 | 10 | 14 | 64.8 | 6 | 12 | 66.7 |
| Other | 29 | 9 | 13 | 82.9 | 0 | 6 | 100.0 |

[1] Of the 64,565 cases, in 15,710 the sentence was a variance below the guideline range, either due to a government motion for a variance (3,774) or a non-government variance (11,936). Due to an inability to calculate the extent of departure for cases with a guideline minimum of life, 128 offenders were excluded from this table. Also, 177 offenders were excluded due to several logical criteria. Of the remaining 15,405 cases, one was excluded due to missing sentence information. Sentences greater than 470 months and probation were included in the sentence average computations as 470 months and zero months, respectively. The information in this table includes conditions of confinement as described in USSG §5C1.1. Descriptions of variables used in this table are provided in Appendix A.

SOURCE: U.S. Sentencing Commission, 2020 Datafile, USSCFY20.

**Table 18**

## EXTENT OF DOWNWARD VARIANCES
## BY TYPE OF CRIME[1]
### 4th Quarter 2021 Preliminary Cumulative Data (October 1, 2020, through September 30, 2021)

| TYPE OF CRIME | N | Mean | | | Median | | |
|---|---|---|---|---|---|---|---|
| | | Sentence In Months | Decrease In Months | Percent Decrease | Sentence In Months | Decrease In Months | Percent Decrease |
| **TOTAL** | **15,901** | **50** | **28** | **44.2** | **30** | **16** | **35.7** |
| **Administration of Justice** | 173 | 7 | 11 | 69.6 | 2 | 9 | 83.3 |
| **Antitrust** | 2 | -- | -- | -- | -- | -- | -- |
| **Arson** | 19 | 46 | 25 | 34.8 | 21 | 12 | 35.1 |
| **Assault** | 195 | 49 | 23 | 40.2 | 28 | 14 | 30.6 |
| **Bribery/Corruption** | 104 | 20 | 21 | 59.4 | 12 | 15 | 57.0 |
| **Burglary/Trespass** | 12 | 14 | 12 | 56.9 | 6 | 13 | 63.9 |
| **Child Pornography** | 679 | 81 | 50 | 40.5 | 70 | 43 | 38.1 |
| **Commercialized Vice** | 35 | 9 | 8 | 64.4 | 3 | 6 | 66.7 |
| **Drug Possession** | 13 | 1 | 4 | 89.3 | 0 | 2 | 98.5 |
| **Drug Trafficking** | 6,100 | 72 | 38 | 39.4 | 60 | 27 | 32.0 |
| **Environmental** | 41 | 3 | 10 | 82.5 | 0 | 6 | 100.0 |
| **Extortion/Racketeering** | 48 | 25 | 19 | 53.6 | 12 | 15 | 50.0 |
| **Firearms** | 2,786 | 37 | 19 | 41.4 | 27 | 12 | 31.4 |
| **Food and Drug** | 16 | 23 | 28 | 60.2 | 18 | 32 | 69.4 |
| **Forgery/Counter/Copyright** | 51 | 8 | 14 | 71.5 | 4 | 12 | 77.8 |
| **Fraud/Theft/Embezzlement** | 1,648 | 19 | 17 | 59.6 | 11 | 10 | 55.4 |
| **Immigration** | 1,992 | 13 | 9 | 46.1 | 12 | 6 | 38.1 |
| **Individual Rights** | 15 | 24 | 22 | 62.3 | 12 | 15 | 62.1 |
| **Kidnapping** | 32 | 109 | 48 | 31.9 | 97 | 38 | 30.5 |
| **Manslaughter** | 11 | 29 | 19 | 47.0 | 18 | 19 | 51.4 |
| **Money Laundering** | 403 | 48 | 36 | 50.3 | 24 | 20 | 45.2 |
| **Murder** | 43 | 163 | 78 | 34.4 | 180 | 60 | 31.4 |
| **National Defense** | 69 | 32 | 26 | 49.7 | 28 | 21 | 46.1 |
| **Obscenity/Other Sex Offenses** | 105 | 12 | 9 | 45.5 | 12 | 6 | 33.3 |
| **Prison Offenses** | 143 | 8 | 7 | 48.8 | 6 | 4 | 48.2 |
| **Robbery** | 503 | 88 | 31 | 30.5 | 84 | 24 | 23.1 |
| **Sexual Abuse** | 309 | 147 | 73 | 34.6 | 144 | 60 | 33.3 |
| **Stalking/Harassing** | 80 | 14 | 17 | 62.4 | 8 | 12 | 66.7 |
| **Tax** | 250 | 10 | 14 | 64.8 | 6 | 12 | 66.7 |
| **Other** | 24 | 5 | 14 | 80.1 | 0 | 6 | 99.2 |

---

[1]  Of the 56,619 cases, in 16,267 the sentence was a variance below the guideline range, either due to a government motion for a variance (4,745) or a non-government variance (11,522).  Due to an inability to calculate the extent of departure for cases with a guideline minimum of life, 135 cases were excluded from this table. Also, 231 cases were excluded due to several logical criteria.  Sentences greater than 470 months and probation were included in the sentence average computations as 470 months and zero months, respectively.  The information in this table includes conditions of confinement as described in USSG §5C1.1.  Descriptions of variables used in this table are provided in Appendix A.

SOURCE:  U.S. Sentencing Commission, Preliminary 2021 Datafile, USSCFY21 (October 1, 2020, through September 30, 2021).

**EXHIBIT "B"**

Dear Judge Staton,

  I am writing you this letter in hopes of earning your compassion and thus your leniency.  I hope that I don't come off as a low-life, repeat offender criminal that has lived his life with complete disregard for the law, and the health and safety of those I love as well las those around me that my actions can directly affect.  Or that I do not wish for a better life and recognize the chance I am being given now. I have many regrets.  I wish I can take back a lot of the things that I've done in choosing the paths I've taken that have lead me to who I am.   I have a lot of rehabilitating to do and things to straighten up and finally have a clear enough head to see that I've had every reason to do so right in front of my face; a good job, a great woman, and an amazing son.  I have had many ups and downs throughout my short life but in my mid to late twenties, when the roller coaster of my life had reach a steady peak, things slowly started to fall apart.  As a means to cope with the end of a four year relationship in which I had helped raise her son from his first birthday until he was 5 years old, due to her infidelity.  I chose drugs to escape the current situation, trying to find happiness while living in misery.  This ultimately cost me my job in a career that I love with a company I had been with for over four years.  Around this time I had met somebody new but carried a poison into my next relationship where I honestly believe I have found true love and my soul mate. The proof of this came in the foremost an amazingly smart, handsome and all around pure bundle of joy that I', indescribably lucky to have in my life.  I know how dire the situation of my life had become and the necessity of just knocking t all off and growing up so that I don't miss the experience of fatherhood because I know I am and will be a great father, future husband, and family man.  I don't want to miss out on the life I should be living anymore.  I'm happier right now than I have been most of my life (not including the birth of my son) even though I am where I am and still have prison to get through, but the prospect of what my life is going to be like regardless of how long I'll be here outshines what it has been so far.  I feel great right now, I'm happy every single day.. the only thing that gets me down is hearing of the milestones my son is reaching and the hilarious things he does and says.  He's two years old and has said things I can't believe a two year old's brain can conjure up all by himself.  My son is all I think about.  This is the longest period of time I've been sober since I was ten years old,  if you don't count the antidepressants I'm prescribed.  I never sought help for my depression.  I take great pride in opening up and seeking the long overdue help and am going to encourage others I encounter in my journeys who are in the same situation to take the same actions and route to recovery that I am now.  I fear this letter might be a little short of convincing you of my sincerity, but what I have written is from heart.  I did not have any help whatsoever in writing this.  Thank you for taking the time to read it.

       Sincerely,

       Kyle Casey

Dear Mrs. Straton,

I am writing you this letter in hopes of earning your compassion and thus your leniency. I hope that I don't come off as a low-life, repeat offender criminal that has lived his life with complete disregard for the law, and the health and safety of those I love as well as those around me that my actions can directly affect. Or that I don't wish for a better life and recognize the chance I am being given now. I have many regrets. I wish I can take back alot of the things that I've done in choosing the paths I've taken that have lead me to where I am. I have alot of rehabilitating to do and things to straighten up and finally have a clear enough head to see that I've had every reason to do so right in front of my face: a good job, a great woman, and an amazing son. I have had many ups and downs throughout my short life but in my mid to late twenties, when the roller coaster of my life had reach a steady peak, things slowly started to fall apart. As a means to cope with the end of a four year relationship in which I had helped raise her son from his first birthday until he was 5 years old, due to her infidelity. I chose drugs to escape the current situation, trying to find happiness while living in misery. This ultimately cost me my job in a career that I love with a company I had been with for over four years. Around this time I had met somebody new but carried a poison into my next relationship where I honestly believe I have not found true love and my soul mate. The proof of this came in the form of an exceedingly smart, handsome, and all around pure bundle of joy that I'm indescribably lucky to have in my life. I know how dire the situation of my life had become and the necessity of just knocking it all off and growing up so that I don't miss the experience of fatherhood because I know I am and will be a great father, future husband, and family man. I don't want to miss out on

the life I should be living any more. I'm happier right now than I have been most of my life (not including the birth of my son) even though I am where I am and still have prison to get through, but the prospect of what my life is going to be like regardless of how long I'll be here outshines what it has been so far. I feel great right now, I'm happy every single day. The only thing that gets me down is hearing of the milestones my son is reaching and the hilarious things he does and says. He's two years old and has said things I can't believe a two year old's brain can conjure up all by himself. My son is all I think about. This is the longest period of time I've been sober since I was ten years old, if you don't count the anti-depressants I'm prescribed. I never sought help for my depression. I take great pride in opening up and seeking the long overdue help and am going to encourage others I encounter in my journeys who are in the same situation to take the same actions and route to recovery that I am now. I feel this little letter might be a little short of convincing you of my sincerity, but what I have written is from the heart. I did not have any help whatsoever in writing this. Thank you for taking the time to read it.

Sincerely,

Kyle Casey











Honorable Judge Josephine Staton
of the United States District
Ronald Regan Federal Building
United States Courthouse
<u>411 West 4th Street</u>
<u>Santa Ana, Ca 92701</u>
Courtroom 2 10A, 10th Floor

Your honor,

    My name is Angie Flores Zarate. I am a caregiver at Atria senior Living where I've worked for 7 years. I met Kyle Alan Casey when he came to my work place to do electrical work. Kyle was an electrician at West Coast Lighting at the time and is exceptionally skilled. Kyle has always been incredibly smart and resourceful, he has a knack for figuring things out. Kyle and I started dating shortly after meeting, I have been Kyle's girlfriend for 5 years. Kyle Casey and I have a 3 year old son together, D███ M███ Casey.

    In the 5 years I've known Kyle, I've known him to be a caring and fun loving person. He is friendly, easy going and funny. Always making those around him laugh. Kyle is a person of good character, he is obliging to others and always more than willing to lend a hand. Kyle has never hesitated to help my family and I with anything from repairs and routine maintenance to my car, ensuring that we have a safe and reliable vehicle for transporting our son to volunteering his skills and abilities as an electrician for repairs and electrical projects not only for my families home but for his parents home as well.

    Becoming a father meant so much to Kyle as this was something he eagerly looked forward to. As a father Kyle has been attentive, patient, encouraging and affectionate. Kyle was always happy spending time with D███, he enjoyed every moment and for D███ spending time with daddy was always so much fun. Though Kyle's unfortunate absence over the last year has disrupted their relationship, Kyle has continuously made an effort to keep in contact with D███ even with the limited sources of communication. Kyle's relationship as a father to D███ is very important to him. He has expressed to me many times the immense sadness he feels knowing how much of D███ growing up he's missing out on and all of the milestones he doesn't get to experience or be a part of with D███ and I as a family. There is only so much he can be a part of through glass, letters and phone calls but he always strives to make the best of it.

    Over the years I've known Kyle I've known him to suffer from depression. I was not yet a part of Kyles life when the personal  traumatic events he experienced growing up took place but I believe that the resulting depression is what lead to his struggle with substance abuse. I strongly believe that Kyle's personal issues, his depression and his struggle with substance abuse as a collective took a toll on him and in turn is what lead to his unfortunate decisions thus resulting in this case.

I understand Kyle broke the law and I am very well aware of his charges. During his time incarcerated he has had a lot of time to sober up and reflect on his actions and poor decision making leading up to this point. Now with a clear and sound mind Kyle has expressed regret and a deep sense of remorse for his actions and the grief and heartache this has caused his family and loved ones. He has also expressed enthusiasm for making things right and I believe he is fully prepared to do so. I am confident in his ability to maintain his sobriety, to improve as a stand up and contributing member of society, to emerge a better person from this experience and to be a positive role model for Damien.

Despite his ups and downs in life Kyle is so much more than the sum of his actions. Kyle Casey is a decent human being with a good heart. He is a kind, caring and loving partner and father. Thank you for taking the time to read this letter. It is my sincere hope that you take this letter into consideration at the time of sentencing.

Sincerely,

Angie Flores Zarate


Sent from Yahoo Mail for iPhone



**From:** Tracey Casey █████████████████████>
**Sent:** Tuesday, February 15, 2022 3:06 PM
**To:** ██████████████████████████████
**Subject:** Kyle Alan Casey

Honorable Judge Josephine Staton
Of The United States District
Ronald Regan Federal Building
United States Courthouse
411 W. 4TH Street
Santa Ana, Ca 92701
Courtroom 10A, 10th Floor


Dear Judge,

My name is Tracey Casey and I am Kyle Alan Casey's mom.
I was a housekeeper for 25 years and no longer work.

Kyle's dad and I did not have a very good relationship with Kyle
before his incarceration, due to his drug use.
Kyle had been living with us off and on for about 3 years until his arrest
in Orange County.

Kyle is a hard worker and very skilled at being an electrician.
He was with a company for 4 years until they let him go. I know that
was really hard on him because he loved working there. He
seemed to go downhill after that and had recently been back on
drugs when he lost that job.

Kyle has a son named D█████ who we all love very much.
D█████ knows his daddy and gets to talk to Kyle on the phone.
Kyle misses D█████ very much and feels bad that he is not able
to be a part of his life right now. I watched Kyle with him before he
ended up in jail and he is a great dad.

Kyle's plans for the future are to get a job and put this all behind him.
I believe Kyle will succeed in his plans and he will catch up on the
time he has missed with Angie and D█████ and his dad and I.

I am aware of Kyle's crime and that he has pled guilty.

I truly believe Kyle will be the person he has become today.
Sober, happy and optimistic about his future.

It is my sincere hope the court take's my letter into consideration at
the time of sentencing. Despite the current case, I believe Kyle Casey
to be a caring, loving and responsible man who will continue on the right path.
Kyle has the complete support of his dad and I.

Sincerely,
Tracey Casey

# EXHIBIT "C"

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

OCT 0 8 2020

C Shaffer

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE**
**FELONY PLEA FORM**

People v. __CASEY, KYLE ALAN__   Case Number __SWF2007064__

## A. ADVISEMENT OF RIGHTS:

1. I have the right to a speedy and public trial by a judge or jury.
2. At my trial, I have the right to face and cross-examine any witnesses against me.
3. I have the right to ask the court to compel witnesses to attend my trial at no expense to me, and to present evidence in my defense.
4. I have the right against self-incrimination. I cannot be forced to testify against myself, but I also have the right to testify in my own defense if I choose to do so.
5. I have the right to be represented by a lawyer throughout my trial. If I cannot afford one, the court will appoint one to represent me at no cost to me.

## B. CONSEQUENCES OF PLEA (1 through 5 apply to everyone):

1. As a convicted felon, I am prohibited from owning, purchasing, receiving, possessing, or having under my custody or control any firearms, ammunition, and ammunition feeding devices, including but not limited to magazines. The court will order me to relinquish all firearms in the manner provided in Penal Code section 29810. I acknowledge receipt of the Prohibited Persons Relinquishment Forms.
2. Charges and/or enhancements may have been dismissed as part of this negotiated disposition with the District Attorney's Office. I agree that I will be ordered to pay restitution to the victim(s) of the dismissed charges and/or enhancements if the victim(s) suffered economic harm.
3. I will be ordered to pay restitution to the victim(s) if the victim(s) suffered economic harm. I agree that the amount of victim restitution is __TBD__. If the parties do not agree, the probation department will determine the amount. If I disagree with the amount, I must promptly request a hearing.
4. I will be ordered to pay a restitution fine of at least $300 and not more than $10,000. There are several other fines and fees that will be imposed as a result of this guilty plea.
5. If I am not a citizen of the United States, I understand that this conviction may and for certain offenses (see Immigration Consequences Addendum) **will** have the consequences of deportation, exclusion from admission to the United States or denial of naturalization pursuant to federal law. I understand I have the right to request additional time to consider my plea in light of this advisement. I have discussed the immigration consequences with my attorney and have had sufficient time to consider and discuss the immigration consequences of my plea with him/her or an immigration attorney.
6. If I receive a state prison term, I will be placed on parole or local community supervision after completing the term. Parole or local community supervision will be for the term specified by law. Generally, parole is for up to five years and local community supervision is for up to three years. If my term of imprisonment is life, and I am ever granted parole, it may be for life. If I violate any of the terms of parole, I could be returned to state prison for up to one year per violation. If I violate any of the terms of local community supervision, I could be incarcerated in county jail for up to 180 days per violation.
7. (XXXXXXXX) If I am sentenced to county jail, a portion of my term may be suspended and, upon release from jail, I may be placed on mandatory supervision. If I violate any of the terms and conditions of my mandatory supervision, I could be returned to county jail for up to the remainder of my suspended jail term.
8. I will be required to give a DNA sample.
9. (XXXXXXXX) My driving privileges will be suspended or revoked by the Department of Motor Vehicles.
10. (XXXXXXXX) I understand that because I am pleading guilty to a qualifying offense, I will be ordered to register with law enforcement as a(n) _____ and that if I fail to register or to keep my registration current for any reason, new criminal charges may be filed against me. I understand that registration as a sex offender is a life long requirement.
11. (XXXXXXXX) I will be required to undergo AIDS testing.
12. (XXXXXXXX) Being under the influence of alcohol or drugs, or both, impairs your ability to safely operate a motor vehicle. Therefore, it is extremely dangerous to human life to drive while under the influence of alcohol or drugs, or both. If I drive while under the influence of alcohol or drugs, or both, and as a result of that driving, someone is killed, I can be charged with murder.
13. I understand I am pleading to a "strike" offense or offenses and that I will be subject to increased penalties and punishments if I commit a future felony.
14. Other _____.

## C. DEFENDANT'S STATEMENT:

1. All the promises made to me are written on this form, stated in open court, or enumerated in documents filed with this court.
2. No one has made any threats to me or anyone close to me, or placed any pressure of any kind on me in order to make me plead guilty.
3. I understand that if I violate any of my probation terms, I could be sentenced to the maximum custody term possible under these charges as set forth under "Plea Agreement", Item 2.

People v. __CASEY, KYLE ALAN__     Case Number __SWF2007064__

4. I have had adequate time to discuss with my attorney (1) my constitutional rights, (2) the consequences of any guilty plea, including any immigration consequences, and (3) any defenses I may have to charges against me.

5. As part of this plea, I (circle one) do / ☑ do not waive any right to appeal that I may have.

6. Factual Basis: I agree that I did the things that are stated in the charges that I am admitting.

## D. PLEA AGREEMENT:

1. I will enter a guilty plea to the following charges and enhancements:
   CT 1 PC 245(a)(1) + admit 1192.7(c)(23) allegation

   The Prosecutor will dismiss any charges and enhancements that I do not admit.

2. The maximum possible custody commitment for the admitted charges and enhancements is: 4y prison

3. My guilty pleas are conditional on receiving the following considerations as to sentence:
   a) Formal probation will (circle one) be ☑ denied; ☐ granted; ☐ decided by the court. If granted, the length of formal probation may be up to five years. If probation is granted, a suspended state prison sentence or felony county jail term (circle one) will/will not be imposed. A suspended felony county jail term may include a period of mandatory supervision for up to the remainder of the suspended jail term. The following legal restrictions apply to a decision to grant probation in this case:
   b) The custody term **will be** PS 364, UT 4y suspended _____ (stip)
      The custody term shall not be **more** than _____ (top)
      The custody term shall not be **less** than _____ (floor)
   c) Other: ___Harvey___ ___waiver___ ___on___ ___SWM1904598 + SWM2001907___ Rest TBD
   d) Credit for time served will be _____ days actual; _____ days ☑ 4019 ☐ 2933; _____ total.     + NNK

   Michael Casey + Tracey Casey

## E. SIGNATURES

**District Attorney:** The above is a correct statement of the Plea Agreement between defense and prosecution.

__10/8/20__     __Gregory R. Albright__     _____
(DATE)          (PRINT NAME)                (SIGNATURE)

**Defendant:** I have read and understand this entire document and any addendums. I waive and give up all of the rights that I have initialed. I accept this plea agreement.

__10/8/20__     __Kyle Casey__     _____
(DATE)          (PRINT NAME)        (SIGNATURE)

**Defense Attorney:** I am the attorney for the defendant. I am satisfied that (1) the defendant understands his/her constitutional rights and understands that a guilty plea would be a waiver of those rights; (2) the defendant has had an adequate opportunity to discuss his/her case with me, including any defenses he/she may have to the charge(s); (3) I have asked the defendant about his/her immigration status, advised defendant of the immigration consequences of this plea to the best of my ability, and advised defendant of his/her right to additional time to discuss this matter with an immigration attorney, and (4) the defendant understands the consequences of his/her guilty plea. I join in the defendant's plea and waiver of his/her constitutional rights.

__10/8/20__     __Ryan Ahern__     _____
(DATE)          (PRINT NAME)        (SIGNATURE)

**Interpreter:** Having been duly sworn, I have translated this form and any addendums to the defendant in the _____ language. The defendant has stated that he/she fully understood the contents of the form and any addendums and then initialed and signed this form and any addendums.

_____     _____     _____
(DATE)               (PRINT NAME)         (SIGNATURE)

## F. COURT'S FINDINGS AND ORDER:

The Court, having reviewed this form and any addendums and having questioned the defendant finds that: the defendant has expressly, knowingly, intelligently and understandingly waived his/her constitutional rights; the defendant's plea and admissions are freely and voluntarily made; the defendant understands the nature of the charges and the consequences of the plea and admissions and there is a factual basis for the plea. The Court accepts the defendant's waiver of rights, the plea and admissions and the defendant is thereby convicted.

__10-8-20__     _____
(DATE)          (JUDGE'S SIGNATURE)

**Page 2 of 2**

**Original**

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
RIVERSIDE
SENTENCING MEMORANDUM

Page 1 of 2
People v. KYLE ALAN CASEY

THE FOLLOWING TERMS AND CONDITIONS
ARE ORDERED BY THE COURT

Case Number SWF2007064

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

OCT 0 8 2020

C Shaffer

☐ MISDEMEANOR ☑ FELONY

**(PAS)** Proceedings are suspended.
**(FPG)** Formal probation granted for 36 months.
**(T1)** Obey all laws, ordinances, and court orders.

Charges admitted: Ct. 1: PC 245(a)(1)

CUSTODY / WORK PROGRAMS / COMMUNITY SERVICE

**(TAA)** Be committed to the custody of RSO for 364 days.
Custody to be served as follows:

**(CTS)** Credit time served 127 days actual + 126 days PC § 4019. = 253

FINES / FEES / RESTITUTION All fines, fees, and restitution imposed shall be paid to the Court, as directed by the Enhanced Collections Division

**(TXV1)** Pay booking fees of $514.58 (GC § 29550).
**(TYC)** Pay restitution fine of $300 (PC § 1202.4(b)).
**(TYF/1)** Pay probation revocation restitution fine of $300 (PC § 1202.44). Stayed pending completion of probation.

**(TCB/Z)** Pay victim restitution; amount to be determined by the Probation Department; disputes as to the amount to be resolved at a court hearing (PC § 1203.1(a)(3)).
**(DORECD)** Report to/cooperate with Enhanced Collections immediately or within two business days of release from custody.
**(DORECA)** Report to Enhanced Collections immediately, or within two business days after release, regarding ability to pay attorney fees; total hours 1 .

DRUG / SEARCH / TEST PROGRAM TERMS

**(TEA1/A)** Submit to immediate search of person/property including all residences/premises/storage units, containers, & vehicles under your control; by Probation Officer or law enforcement officer, with or without cause.
**(TEF2)** Provide a DNA sample as directed by probation or law enforcement personnel (PC § 296(a)).

**(THF/A)** Participate and complete at your expense any counseling, rehabilitation/treatment, program deemed appropriate by probation officer; and authorize release of information relative to progress.

*Submit proof of enrollment and/or completion of the above noted programs as directed by your Probation Officer and/or Alternative Sentencing.

ASSOCIATION / RESIDENCE / WORK TERMS

**(THO)** Do not associate with any unrelated person you know to be on probation/parole/mandatory supervision, or PRCS.
**(THR)** Do not leave the State of California without first obtaining written permission of the probation department per the interstate Compact Act.

**(THC1)** Give written notice to the probation officer 24 hours before changing your residence and do not move without the approval of the probation officer.
**(THB)** Seek and maintain employment or attend a full time school or vocational program.
**(THD)** Have no direct or indirect contact with Camren T..
**(TFK)** Do not annoy, harass, threaten or disturb the peace of Tracy C. and Michael C..

ADDITIONAL PROBATION TERMS

**(THJ1/A)** Do not knowingly own/possess/have under your control/immediate access to any firearm/deadly weapon, ammunition or weapon related paraphernalia/incendiary device.
**(THI)** Report any law enforcement contacts to probation officer within 48 hours.
**(THM1)** If expelled or deported, do not re-enter the united States illegally.

**(THL)** Report to probation officer immediately or upon release from custody, and follow all reasonable directives of probation officer.
**(THM2/A)** ;If expelled, deported, or voluntarily leave the United States, you must report to probation by telephone or in writing within 30 days of departure.

**Other:** 4 years state prison suspended pending successful completion of probation. Keep the probation officer informed of your place of residence and give written notice to the probation officer twenty-four hours prior to a change of residence. (TERM)

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
RIVERSIDE
SENTENCING MEMORANDUM



Page 2 of 2

People v. KYLE ALAN CASEY

Case Number SWF2007064

ADDITIONAL STAND-ALONE ORDERS OF THE COURT, NOT IMPOSED AS TERMS AND CONDITIONS OF PROBATION

**(TXX)** Pay court operations assessment fee of $40 per convicted charge (PC § 1465.8).

**(TXW)** Pay court conviction assessment fee of $30 per convicted misdemeanor/felony charge (GC § 70373).

**(FNPAF)** Any fine/fee not paid in full by 1/8/2021 will be subject to a $50 administrative fee (PC § 1205(d)).

**(TXM/A)** Pay the costs of probation supervision in an amount to be determined by Probation. Based on the level of supervision, the monthly costs will range from $16.42 to $104 (PC § 1203.1b).

**(CFAF)** Court finds the defendant has the ability to reimburse the county for attorney fees in the amount of $119.51 payable to the Court through the Enhanced Collections Division. [1 hr = $119.51]

**(TXV5)** Pay Pre-sentence incarceration costs of $1500 (Incarcerated for 127 days) (PC § 1203.1c).

Revised 12/7/17 CR002

I have read, I understand, and I accept these terms and conditions of probation, and additional non-propobationary orders on pages one and two.

Defendant: _____

Defense Attorney: _____

District Attorney: _____

Interpreter: _____

Dated: _____    IT IS SO ORDERED: _____    JUDICIAL OFFICER

**NOTICE TO DEFENDANT:** If you have been placed on probation, you have the right to ask the court either (1) to allow you to withdraw your plea of guilty or of nolo contendere and to enter a plea of not guilty, or (2) if you were convicted after a plea of not guilty, to set aside the verdict of guilty. (For details, see Penal Code section 1203.4.) If you have been convicted of a misdemeanor and not placed on probation, and one year has passed since pronouncement of judgment, you have the right to make a similar request. (For details, see Penal Code section 1203.4a.) Forms on which to make such requests are available in the clerk's office.

## **PROOF OF SERVICE**

I declare that I am a resident or employed in Orange County, California; that my business address is the Office of the Federal Public Defender, 411 West Fourth Street, Suite 7110, Santa Ana, California 92701-4598, Telephone No. (714) 338-4500; that I am over the age of eighteen years; that I am not a party to the action entitled above; that I am employed by the Federal Public Defender for the Central District of California, who is a member of the Bar of the State of California, and at whose direction I served a copy of the attached **DEFENDANT'S POSITION RE SENTENCING; EXHIBITS A-C**

on the following individual(s) by:

| [] Placing same in a sealed envelope for collection and interoffice delivery addressed as follows: | [ ] Placing same in an envelope for hand delivery addressed as follows: | [ ] Placing same in a sealed envelope for collection and mailing via the United States Post Office addressed as follows: | [ X ] Emailing same addressed as follows: |
|---|---|---|---|

**Greg Vidana**
**United States Probation Officer**
**Greg_Vidana@cacp.uscourts.gov**
**Santa Ana, CA**

This proof of service is executed at Santa Ana, California, on February 25, 2022.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

*/s/Leticia Davis          .*
**Leticia Davis**

10