TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
JAKE D. NARE (Cal. Bar No. 272716)
Assistant United States Attorney
Santa Ana Branch Office
    United States Courthouse
    411 West Fourth Street, Suite 8000
    Santa Ana, California 92701
    Telephone: (714) 338-3549
    Facsimile: (714) 338-3561
    E-mail:   jake.nare@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | NO. SA CR 21-00009-JLS |
|---|---|
| Plaintiff, | SENTENCING POSITION FOR DEFENDANT KYLE ALAN CASEY |
| v. | |
| KYLE ALAN CASEY, | **Hearing Date:** February 11, 2022<br>**Time:** 8:30 a.m.<br>**Place:** Courtroom of the Hon. Josephine L. Staton |
| Defendant. | |

    Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California, and Assistant United States Attorney Jake D. Nare, hereby files its Sentencing Position.

///

///

This submission is based upon the attached memorandum of points and authorities, the Presentence Investigation Report disclosed on October 5, 2021, the Recommendation Letter dated October 5, 2021, the files and records in this case, and such further evidence and argument as the Court may permit.  The government respectfully requests the opportunity to supplement its position or respond to defendant as may become necessary.

Dated: February 25, 2022          Respectfully submitted,

                                        TRACY L. WILKISON
                                      United States Attorney

                                      SCOTT M. GARRINGER
                                      Assistant United States Attorney
                                      Chief, Criminal Division


                                             /s/
                                      JAKE D. NARE
                                      Assistant United States Attorney

                                      Attorneys for Plaintiff
                                      UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  INTRODUCTION**

On June 4, 2021, defendant Kyle Alan Casey ("defendant") pleaded guilty to the single-count indictment charging him with felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).

In the Presentence Investigation Report ("PSR"), the United States Probation and Pretrial Services Office ("USPO") calculated a total offense level of 21.  (PSR ¶ 35.)  The calculated total offense level included a base offense level of 24 pursuant to U.S.S.G. § 2K2.1(a)(4)(A) and a three-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), (b).  (PSR ¶¶ 21-35.)  The USPO further calculated a Criminal History Category of VI, and a resulting Sentencing Guidelines range of 77 to 96 months' imprisonment.  (PSR ¶¶ 52, 113.)  The USPO recommends a downward variance and recommends a sentence of 60 months' imprisonment, a three-year term of supervised release, and a mandatory $100 special assessment.

**II.  THE GOVERNMENT'S SENTENCING POSITION**

The government agrees with the USPO's analysis in the PSR and with the USPO's conclusion that the Total Offense Level is 21 and defendant's criminal history category is VI, yielding a Guidelines Sentencing Range of 77 to 96  months' imprisonment.  The government further agrees that a small downward variance is warranted based on the mitigating factors described in the PSR and below.  Based upon the factors set forth below, and the appropriate sentencing considerations under 18 U.S.C. § 3553(a), the government respectfully recommends that the Court impose the following sentence:  (1) a sentence of 70 months' imprisonment, which amounts to a low-end

guidelines sentence following a one-level downward variance; (2) a three-year period of supervised release, pursuant to U.S.S.G. §§ 5D1.1 and 5D1.2; and (3) a $100 mandatory special assessment.

## III. FACTUAL BACKGROUND

On December 16, 2020, Fullerton Police Department ("FPD") reported to a commercial business park for an unrelated commercial burglary investigation. While there, officers approached a vehicle in the parking lot and contacted defendant, who was sitting in the driver seat of the vehicle. (PSR ¶¶ 9-11.) Due to the ongoing investigation and defendant's location in the parking, officers ordered defendant out of his vehicle and began questioning defendant. (PSR ¶¶ 11-12.) During his conversation with the officers, defendant told the officers that there was a methamphetamine pipe inside the vehicle and a firearm underneath the driver's seat. (PSR ¶ 13.) Defendant then consented to a search of his vehicle, and officers discovered an unloaded Colt, model super .38 automatic pistol and a methamphetamine pipe. (PSR ¶ 15.) At the time defendant possessed the firearm, he was a felon, having been convicted of two felonies, including a 2020 conviction for assault with a deadly weapon, in violation of California Penal Code ("Cal. P.C.") Section 245(a)(1), in Riverside County Superior Court. (PSR ¶ 16.)

## IV. ANALYSIS OF THE 18 U.S.C. § 3553(a) FACTORS

### A. Nature and Circumstances of the Offense

Section 3553(a)(1) requires consideration of the nature and circumstances of defendant's crime in determining an appropriate sentence. The government's recommended sentence of 70 months' imprisonment adequately reflects the seriousness of defendant's crime.

2

Defendant possessed a firearm in his vehicle while using methamphetamine. Defendant's possession of the firearm is particularly troubling in light of defendant's criminal history, which includes prior convictions for violent conduct; specifically, a 2020 conviction for assault with a deadly weapon, in violation of Cal. P.C. § 245(a)(1) and a 2020 misdemeanor battery conviction, in violation of Cal. P.C. § 242. (PSR ¶¶ 48, 49.) Defendant, who is an admitted drug user with a history of violent crimes, possessed the firearm while under the influence of methamphetamine. This created a potentially dangerous situation that should be reflected in defendant's sentence.

**B. Risk of Recidivism and Protection of the Public**

The Court should also consider the need for defendant's sentence to promote respect for the law, afford adequate deterrence, and protect the public from further crimes by defendant. 18 U.S.C. § 3553(a)(2). The government is concerned that defendant presents a high-risk of recidivism due to his criminal history and believes that a significant sentence is necessary to both mitigate the risk of recidivism and protect the public from further crimes by the defendant. Defendant's criminal history covers nearly his entire adult life and involves a variety of crimes, including drugs, violence, and theft, yet defendant has not been deterred by these convictions and the sentences he has thus received. The government is hopeful that defendant will address the mental health and drug dependency issues that have contributed to defendant's past crimes, but believes that a sentence of 70 months' imprisonment is necessary to protect the public from future criminal activity and address defendant's clear lack of respect for the law.

### C. History and Characteristics of Defendant

Section 3553(a)(1) also calls for factoring the history and characteristics of the defendant into his sentence. The government ultimately recommends a one-level downward variance for mitigating circumstances surrounding defendant's past and the facts of his conviction. In addition to defendant's difficult childhood that is thoroughly discussed in the PSR and likely led, at least in part, to his substance abuse and lengthy criminal history, the government's recommendation for a downward variance is based on: (1) defendant's almost immediate acceptance of responsibility with FPD; and (2) the fact that the gun defendant possessed was unloaded and no ammunition was found during the search of defendant's vehicle, which minimized some of the risk of defendant possessing the firearm while dealing with drug addiction and mental health issues. However, these mitigating factors are addressed by the low-end recommendation following a one-level downward variance and must be considered along with defendant's demonstrated lack of respect for the law, as shown by defendant's criminal history score of 22. The government believes the recommended sentence of 70 months' imprisonment accounts for the above factors. The government recommends a three-year period of supervised release to further monitor defendant's conduct to ensure that he does not engage in additional criminal activity or continue his abuse of illegal drugs that has led to his recent criminal history.

**V.   CONCLUSION**

The government thus respectfully recommends that the Court impose a sentence of 70 months' imprisonment, followed by a three-year period of supervised release, and a mandatory special assessment of $100.

# Certificate of Service

I am a citizen of the United States and am employed in the County of Orange, California. I am over 18 years of age, and I am not a party to the above-entitled action. My business address is the United States Attorney's Office, Ronald Reagan Federal Building and United States Courthouse, 411 West Fourth Street, Suite 8000, Santa Ana, California 92701.

I am employed by the United States Attorney for the Central District of California, who is a member of the Bar of the United States District Court for the Central District of California, at whose direction the service was made. On this date, February 25, 2022, I served a copy of the foregoing document(s), described as follows:

**SENTENCING POSITION FOR DEFENDANT KYLE ALAN CASEY**

in the following manner:

☐ by placing a true copy in a sealed envelope, addressed to the person(s) specified below, and placing it for interoffice delivery within the courthouse to:

☐ by placing the documents in a sealed envelope, bearing the requisite postage thereon, and placing it for mailing via the U.S. Postal Service addressed as follows:

☒ by e-mailing a pdf. version of the document(s) to the e-mail addresses specified as:

**gregory_vidana@cacp.uscourts.gov** (U.S. Probation)

I declare under penalty of perjury that the foregoing is true and correct, executed on February 25, 2022, at Santa Ana, California.

           /s/
_____
JEAN KIM